

FILED
4/2/2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA REED<br>    Plaintiff<br><br>v.<br><br>STATE OF ILLINOIS; CIRCUIT COURT OF COOK COUNTY, ILLINOIS; THE HONORABLE JUDGE QUINN in her Official Capacity as Circuit Judge of the Cook County Circuit Court; THE HONORABLE TIMOTHY C. EVANS, in his Official Capacity as Chief Judge of the Cook County Circuit Court; and MILISSA PACELLI, in her Official Capacity as Court Disability Coordinator for the Circuit Court of Cook County,<br><br>    Defendants. | 14CV2247<br>JUDGE GETTLEMAN<br>MAG. JUDGE COLE<br><br><br>RECEIVED<br>MAR 26 2014<br>MAR 2 6 2014<br><br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

## COMPLAINT

1. Plaintiff Linda Reed, pro se, as her Complaint, respectfully states:

2.. This action is brought pursuant to Americans with Disabilities act of 1990 ("title II") and ("ADA"), and 42 U.S.C, 12181 et seq., 12182 et seq , and its implementing regulations 28 C.F.R. Part 36 and/or Section 504 Rehabilitation Act 29 U.S.C. 794; under federal law, specifically, 42 U.S.C. §1983 and 1988; 42 U.S.C. § 1997; 18 U.S.C. § 1347 Plaintiff seeks injuctive relief for unlawful discrimination under Section 504 of the Rehabilitation Act of 1973, U.S.C. 794 ; and included in this complaint are requests for punitive and compensatory damages.

3. Plaintiff believes this action is based on the belief that Defendants discriminated against a person or group of person, in violation of title II.  42 U.S.C 12188(b). Defendant receives section 504

1

federal funds.

## Jurisdiction and Venue

4. This Court has jurisdiction over the above-captioned action pursuant to 42 U.S.C. " 12133 and 12188(b)(1)(B), and 28 U.S.C. " 1331 and 1345. Venue is proper in the District of Illinois pursuant to 28 U.S.C. ' 1391 because a substantial part of the events or omission giving rise to this claim occurred in this District. ADA claims alleged herein arose within this District. The Court may grant declaratory and injuctive and all other relief necessary to enforce this Decree pursuant to 28 U.S.C. " 2201 and 2202.

## Parties

5. Plaintiff Linda Reed is a resident of Milwaukee, Wisconsin. She is a qualified individual who has physical and mental impairments that substantially limits one or more major life activities, she has a history or record of such an impairment, she is a person who is perceived by others as having such an impairments; has a record of such impairment; and regarded as having an impairment 42 U.S.C. 12111 ; 42 U.S.C. 12102 and Section 504. Plaintiff is also a qualified person with a disability within the meaning of Section 504.as described more fully below.

6. Defendant STATE OF ILLINOIS ("State") operates a system of state courts, including the Circuit Court of Cook County created by authority of 705 ILCS 35/1 and 2. Sovereign immunity for states is abrogated by the ADA, 42 U.S.C. § 12202; 42 U.S.C. § 2000d–7(a)(1), and *Tennessee v. Lane*, 541 U.S. 509 (2004).

7. Defendant CIRCUIT COURT OF COOK COUNTY, ILLINOIS ("Circuit Court") is located in this judicial district, and constitutes a "program or activity" under 29 U.S.C. § 794 and 20 U.S.C. § 1687(1), and a "public entity" under 42 U.S.C. § 12131(1). Defendant Circuit Court during the relevant time received federal funds for, among other projects, "Gaining Experience, Making Strides" from the U.S. Department of

Justice ("DOJ") Family Drug Court Program and the Cook County Mental Health Court from DOJ's Bureau of Justice Assistance.

8. Defendant HONORABLE Carolyn Quinn ("Quinn") is sued his official capacity as Circuit Judge at Circuit Court. Defendant Quinn presided over Reed's civil action.

9. Defendant HONORABLE TIMOTHY C. EVANS ("Evans") is sued in his official capacity as Chief Judge of the Circuit Court of Cook County. The Office of the Chief Judge is the principal administrative office serving the Circuit Court of Cook County, providing staff and program support necessary, among other things, to provide administrative support to the judges and notifying the public about their right to access to the court. The Chief Judge also appoints the Court Disability Coordinator, whose duty it is to assist disabled litigants seeking accommodations, and is the adjudicator of last resort in any grievance submitted to that office.

10. Defendant Milissa Pacelli ("Pacelli") is sued in her official capacity as Court Disability Coordinator ("CDC") for the Circuit Court of Cook County. The CDC is charged with assisting disabled persons in court and evaluating requests for accommodation.

BACKGROUND

11. Plaintiff is a 60 years-old with Tardive Dyskinsa (TD) a neurological disorder, PTSD, bipolar disorder, and acute anxiety. Plaintiff has an easily-triggered startle response. She has involuntary movement in her body, limbs, including her hands and mouth and problems with her thinking and an uncontrollable impulse to move including pacing. When under stress Plaintiff blood pressure has spiked to 220/145. Plaintiff disorder is untreatable. She is a qualified individual with a disability within the meaning of all applicable statutes.

3

12. Plaintiff's mother died November, 2013 and plaintiff's father died November, 2009. Plaintiff is an heir to her parents estate. Plaintiff needed to be heard in Probate court to protect her interest and equitable division of their estates. Plaintiff's method of communication varies based on the level of stress. As a result, of Ms. Reed's disability, she uses and relies on various communication techniques and/or other auxiliary aids and services for meaningful effective communication with people. Specifically, Plaintiff requested a note taker, an interpreter, email and teleconferences.

13. On December 11, 2013 Plaintiff contacted OCJ and requested accommodations for her disabilities. Plaintiff requested accommodations for her disabilities by email. OCJ said that the process was interactive. Plaintiff ,OCJ and others exchanged appropriately 33 emails and 5 attachments (from the OCJ) between December 11, 2013 and March 11, 2014. Instead of interacting with one person the Plaintiff was interacting with approximately 10 people. Plaintiff took leave from the interactive voluntary process because she became ill. The interactive process was overly burdensome for the Plaintiff. Plaintiff completely withdraw from the interactive process.

14. The Defendants interactive process allowed them to seek additional information about Plaintiff's disabilities. Plaintiff provided the information. Plaintiff requested an interpeter, someone to at least say to the Judge that plaintiff was having a TD attack which prevents her from speaking and writing. The defendants said "no one can speak for Ms. Reed." Plaintiff asked that the judge respond to her in writing. The Defendants denied the request.

15. Plaintiff requested a consultation with any doctor of the Defendants choice. Plaintiff believed that the Defendants did not understand the extent of her disabilities. She hoped that the Defendants would better understand her disabilities, if they heard and learned about her disabilities from someone they trusted. Plaintiff believed that the physician of their choice would help the Defendant better accommodate her request for accommodations. Defendants refused to consult with a physician.

16. Plaintiff also requested an attorney so that her rights would be protected by an officer of the

4

court and also be a liaison between OCJ, the Court and Plaintiff. Defendants denied her request. Plaintiff requested email addresses in order to contact court personnel referred by the Defendants. Defendants failed to provide email addresses instead only provided Plaintiff with telephone numbers. Plaintiff requested that the OCJ and the court limit their responses (shorten its narratives) to Plaintiff that causes Plaintiff confusion. Defendants refused.

17. Defendants put forth additional alternatives to the Plaintiff's primary request for accommodation. The defendants offered to provide Plaintiff with software from Hexttext and gmail chat which were to be downloaded on Plaintiff's 20+ year old computer with limited storage. Plaintiff refused to altered her personal property. She asked the Defendants to send her their computer and she would send it back when her parent estates were settled.

18. They wanted to provide passwords.. This software required Plaintiff to learn how to use it and the software company would have to test the software to make sure it was responding correctly. Plaintiff refused the software. The software is intrusive and it is to no avail when Plaintiff hands and limbs starts to shake involuntary

19. Plaintiff filed a notice and an motion which was heard March 5, 2014. The Plaintiff participated with the only accommodation, teleconference provided by the Defendants for her disabilities. Plaintiff could barely speak and as the hearing went on it became more difficult to understand her. Plaintiff's blood pressure spiked, she became sick. The accommodation at the Mach 5, 2014 hearing caused confusion. Plaintiff understood one thing and the order stated another thing. Plaintiff filed and objection. March 11, 2014 Plaintiff decided to stop participating in the Defendants' interactive process.

20. The Plaintiff filed another notice and motion on March 10, 2014 to be heard on March 17, 2014 at 9:00 a.m. or as soon as possible on that day. As an accommodation for Plaintiff's disabilities Defendant instructed plaintiff to file her notice and motion as usual. Plaintiff was not heard. Plaintiff

alleges that her confidentiality was breached.

21.    Linda Reed alleges that the Defendants discriminated against her solely on the basis of her disability.  Defendants failed to provide any defense for its denial of her preferred, primary request accommodations. Defendant failed to provide accommodations on a case by case basis.

## COUNT I ADA—REASONABLE ACCOMMODATION

22.    The allegations of paragraphs 1-21 of the Complaint are hereby re-alleged and incorporated by reference as if fully stated herein

23..    The Americans with Disabilities Act ("ADA) prohibits discrimination by public accommodations.

24.    Title II of the ADA prohibits discrimination against people with disabilities    Defendants have discriminated against Plaintiff by affording her the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of the facilities  in a manner that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(l)(A)(ii).

25.    Defendants have discriminated against Plaintiff by providing goods, services, facilities, privileges, advantages, or accommodations that are different or separate from that provided to other individuals. 42 U.S.C. § 12182(b)(l)(A)(iii).

26.    Defendant have discriminated against Plaintiff by imposing or applying eligibility criteria that screen out or tends to screen out Plaintiff from enjoying Defendants' courtrooms

27.    Defendants have discriminated and continue to discriminate against Plaintiff by failing to modify their polices, procedures and practices in a reasonable manner when such modifications are necessary to ensure equal access for Plaintiff's mental and physical disabilities.

28.    Defendants have discriminated and continue to discriminate against Plaintiff by failing to

provide necessary auxiliary aids and services where provisions of such auxiliary services does not create an undue burden and would not fundamentally alter the nature of the good, services, facility, privilege, advantage or accommodation offered by Defendants.

29. Defendant have discriminated and continue to discriminate against Plaintiff by failing to remove neurological barriers which are invisible to the human eye, where such removal is readily achievable.

30. Defendants have discriminated and continue to discriminate against Plaintiff by failing to design and construct programs that are readily accessible to and usable by Plaintiff.

31. Defendants' conduct constitutes ongoing and continuous violation of the ADA. Unless restrained from doing so, Defendants will continue to violate the law. Through their conduct, Defendants have caused and will continue to cause Plaintiff immediate and irreparable injury.

32. Defendant acts or omission is the proximate cause of plainff injuies causing her emotion distress, confusion, depression etc.

33. Wherefore, Plaintiff request relief as set forth below.

## COUNT II SECTION 504

34. The allegations of paragraphs 1-33. of the Complaint are hereby re-alleged and incorporated by reference as if fully stated herein

35. Section 504 of the Rehabilitation Act of 1973 U.S.C. 794 and the regulations prohibit discrimination against people with disabilities by recipients of federal funding. Section 504 provides, in pertinent part, that: "No otherwise qualified individual with a disability—shall, solely by reason other or his disability, be excluded for participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance."

36. Defendants have received federal financial assistance at all relevant times.

7

37. Through the acts and omissions alleged herein, Defendants have, solely because of Plaintiff's disabilities excluded Plaintiff from participation in programs and activities and denied Plaintiff the benefits of program and activities and subject Plaintiff to discrimination in violation to U.S.C. 794.

38. Defendants' acts or omissions described herein violate the equal access and non discrimination provision of Section 504 and have resulted in injure to Plaintiff.

39. As a proximate result of Defendants' violation of Section 504 Plaintiff has been injured and continue to be injures as set forth herein. This conduct, unless enjoined, will continue to inflict injuries for which Plaintiff have no adequate remedy at law.

40. Plaintiff is entitled to injunctive relief and reasonable attorney fee, expenses and costs U.S.C. 7949

Wherefore, plaintiff prays for relief as set forth below.

## COUNT III RETALIATION

41. The allegations of paragraphs 1-40 of the Complaint are hereby re-alleged and incorporated by reference as if fully stated herein

42.. Ms. Reed opposed the inadequate, ineffective, meaningless accommodations. Linda filed a previous complaint in Federal Court against the Defendants and OCJ coordinator was named in the complaint.

43.. Ms Reed opposed the OCJ coordinating her request citing a conflict of interest. She believed she would not be treated fairly. Plaintiff asked OCJ coordinator to leave her case. Coordinator refused. When Plaintiff made her initial contact with OCJ. Ms. P---- did not reveal herself to the Plaintiff when she recognized Ms. Reeds' request. Ms. P went to the Attorney General and he in-turn contacted Plaintiff's attorney on case -----. Plaintiff attorney had no legitimate need to know anything about her request for information. Plaintiff request is supposed to be confidential. Additionally, Defendants

8

denied the Plaintiff the same requested accommodations that she requested at her previous case.

44.. Plaintiff opposed the practice or policy, she was subjected to discrimination at the time and after the denial of her request. Ms. Reed's disabilities and her attempt to oppose the Defendants' practice or policy, were the sole reasons for her discrimination.

45.. Defendants failed to simply give Plaintiff, a note taker, and an interpreter, a little help. Defendants' failed to provide Plaintiff with her primary reqest for accommodations which are, recommended,approved and or suggested by ADA, Department of Justice and Section 504.

46. It would have been possible, and reasonable, for the Defendants to permit her to use a note taker, interpreter and other accommodations. Defendants intentionally discriminated and retaliated against Ms. Reed.

47. Defendants failed to provide Plaintiff with accommodations that would allow her a truly meaningful equal opportunity to participate. Ms. Reed was discriminated against solely based on her disabilities.

48. Reed contends that the permanent nature of her disabilities, it is a reasonable likelihood that she will be in Court again and that, if this occurred, she would be subjected to the same action again.

Wherefore, plaintiff prays for relief as set forth below.

Count IV
(42 U.S.C. § 1983: FREE SPEECH AND DUE PROCESS)

49.. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here. Defendants violated of the plaintiff's affirmative rights to freedom of speech under the United States Constitution, First and Fourteenth Amendments.

50. Defendants failed to accommodate Plaintiff disabilities with effective, meaningful

accommodations. Defendants do not leave open any alternative passages to communication.

51. Defendants failed to adequately advise, notify, or inform persons (specially persons with mental disabilities) threatened with possible denial of violation of their requirements. Defendants is in violation of the due process guarantee of the Fourteenth Amendment to the United States Constitution.

52. The Defendants conduct is irrational and unreasonable, imposing unjustifiable restrictions on the exercise of protected constitutional rights. Because the Defendants conduct is irrational and unreasonable, its application violates the due process guarantee of the Fourteenth Amendment to the Untied States Constitution

53. The Defendants conduct violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by denying plaintiff free speech rights allowed to others in similar situations and other protections of state and federal law.

As a proximate result of Defendants' violation of Plaintiff has been injured and emotional stress and distress. Wherefore, plaintiff prays for relief as set forth below.

Count V

(42 U.S.C. SECTION 1983: EQUAL PROTECTION)

54. . Plaintiff incorporates by reference paragraphs 1 – 53 as if fully set forth herein.

55. The defendants conduct as applied or threatened to be applied, violates the Equal Protection Clause of the Fourteenth Amendment. Specifically but not exclusively, the Defendants creates three classes: Persons with disabilities accessing the court, persons wishing to communicate with those disabled person, accessing the court for the purposes of encouraging them to advocate for their rights to reasonable accommodations and use the services, and persons wishing to communicate with those trying to access the court for the purposes of encouraging them to choose options other than utilizing the court accommodations and services that might not work for them..

10

56. These classifications have a direct bearing on the fundamental interest in free speech.

57. The State of Illinois et al have no compelling interest justifying the creation of these classes and cannot show that these classifications are necessary to serve any legitimate governmental interest.

58. Defendants conduct singles out disabled persons trying to access the court as a class to be specifically isolated from speech, and correspondingly burdens the speech of that class of persons wishing to encourage them to choose options other than utilizing clinic services. These classifications have a direct bearing on the fundamental interest in free speech.

59. The City has no compelling interest justifying the creation of these classes and cannot show that these classifications are necessary to serve any legitimate governmental interest.

WHEREFORE, plaintiff prays that this Court:

(a) Enter judgment against the defendants include compensatory and punitive damages;

(b) Enter a declaratory judgment declaring the acts of the defendant to be a violation of plaintiff's constitutional rights to freedom of speech, equal protection, and due process;

(c) Issue a temporary restraining order, and a preliminary and permanent injunction enjoining defendants, their agents, servants, employees, officers and the State of Illinois from discriminating against Plaintiff;

(f) Award plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988 and other relevant statutes; and,

(g) Order such other and further relief as the Court deems just and proper under the circumstances.

Dated: March 24, 2014

## JURY DEMAND

Respectfully submitted,

                                                                                                      _/s/ Linda Reed_
                                                                                                       Linda Reed pro se

9940 West Fond du Lac Avenue
Milwaukee Wisconsin  53224
lindareed1018@sbcglobal.net

# EXHIBITS

February 25, 2014

Ms. Linda Reed
9940 W. Fond Du Lac
Milwaukee, WI 53224

Dear Ms. Reed,

The accommodations process is an interactive process, the court appreciates your cooperation and patience in discussing your accommodations. Also, important information is being provided to you and may appear to you as 'narratives,' however the court is attempting to accommodate you, and often a simple 'yes' or 'no' will not suffice.

1. You are not denied a note taker. However, you must provide your own note taker. The court will not provide a note taker for you. Your note taker may come to court and take notes for you, but this person cannot address the court on your behalf, or take part in the proceedings, other than to take notes for you. Also, your note takers notes will not be part of the court file.
2. Judge Quinn has approved a teleconference call for your March 5, 2014 court appearance before her at 2:00 p.m. <u>Judge Quinn will call you via teleconference at the contact number you have provided: 414.760.0301, on March 5 at 2:00 p.m.</u>
3. Judge Quinn will allow for your 298 petition to be filed by mail to the Presiding Judge's Office. Along with your petition, you must include a photocopy of the front and back of your driver's license or state identification. Address your 298 petition, along with a copy of your identification to:
Office of the Presiding Judge
Probate Division
Circuit Court of Cook County
50 W. Washington Street, Suite 1803
Chicago, IL 60602
The Clerk's Office has been asked to mail the 298 fee petition waiver forms to your home address, in the event you were not able to download them from the internet. The Clerk's Office mailed the 298 form to your home address on Friday, February 21, 2014. If you already have the forms, you may mail them to the address as stated above.
4. Regarding all other court filings: you may mail them directly to the Chief Deputy Clerk of the Probate Division:
Mr. David Moses, Chief Deputy Clerk
Office of the Clerk of the Court
Probate Division / Richard J. Daley Center Courthouse
50 W. Washington Street, Room 1202
Chicago, IL 60602
Mr. Moses's direct phone number is: 312.603.5694. You may want to include two copies of your filings with a self-addressed, stamped envelope and a note that asks that they send you a stamped copy in the envelope provided. Please note, if you get an approved 298 fee waiver, you must include a copy of your approved fee waiver each time you file a new document with the Clerk's Office.

5. For your March 5 hearing, the court is willing to provide you with a temporary Gmail address and password in order for you to log into Gmail chat, in the event that you prefer to type your responses instead of speaking. Judge Quinn will not be typing responses back to you on Gmail chat, she will only be responding to you by speaking via the teleconference call. However, Gmail chat will allow you to type your responses on your computer keyboard, if that is preferable to you during your conference call with Judge Quinn.
6. You must notify me if you accept Gmail chat as part of your accommodations. Once you have confirmed that you will accept Gmail chat, within a few days, I will email to you a Circuit Court of Cook County Gmail address and password, as well as the link for the web address to Google Gmail, for you to use on your scheduled court date of March 5, 2014.
7. If you accept Gmail chat as part of your accommodations, you may be asked to test it by communicating with me, using Gmail chat, prior to your court date. I will contact you to set up a test run, if it is needed.
8. Please note: if there are any technical issues with the Gmail chat, the court will keep you apprised, as it may affect your March 5 court date, and your hearing may have to be postponed.
9. Following is the procedure the court will follow for the teleconference and Gmail chat at 2:00 p.m. on Wednesday, March 5:
    - Judge Quinn will initiate the teleconference call by calling your phone number of record.
    - After connecting with you via teleconference call, you may participate in the proceedings via Gmail chat.
    - Once the chat between your computers is connected, Judge Quinn will not be typing her responses back to you using the Gmail chat. Gmail chat will only be active for you to type your responses to the court, if you prefer typing your responses over speaking.
10. Judge Quinn wants you to know the following:
    - She will not be typing any responses to you.
    - A court hearing cannot be conducted with no one saying anything.
    - She must have leeway to ask questions, make rulings, enter orders, etc.
    - She cannot be limited to responding from the bench with just yes and no. Judge Quinn also cannot commit to a hearing where you will only provide yes and no responses, that is why you will be allowed to type your responses through Gmail chat, if you prefer that over speaking via the teleconference call.

Please let me know as soon as possible if you accept Gmail chat as described above, and confirm that the court has the correct telephone number for you for the teleconference call.

Please also let me know if you have any questions regarding any of the above.

Best regards,

Milissa Pacelli
Court Disability Coordinator
Circuit Court of Cook County
Ocj.accommodations@cookcountyil.gov
312.603.1915
312.603.1914 (TTY)

February 28, 2014

Ms. Linda Reed
9940 W. Fond Du Lac
Milwaukee, WI 53224

Dear Ms. Reed,

The court has made several attempts to accommodate you, by offering to provide you with available services.

If there is another service that you believe will be of assistance to you, and that you would like the court to consider as an accommodation, please let me know.

Regarding an attorney: as you are not the ward or the respondent in a petition for adjudication, the court cannot appoint a lawyer to represent you.

Regarding a doctor: the court does not have a doctor for you to see.

Regarding Independence First: We have not received confirmation that Independence First will be able to be of assistance in this matter. Also, they have made it clear to us that if they are able to be of assistance, they cannot come to you, you would have to travel to them. We are not paying them.

Please confirm that you still want to proceed with the March 5, 2014 court date at 2:00 p.m., using only the teleconference call.

Thank you,

Milissa Pacelli
Court Disability Coordinator
Circuit Court of Cook County
Ocj.acommodations@cookcountyil.gov
312.603.1915
312.603.1914 (TTY)