FILED
12/19/2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-cv-2247 |
| | ) | Judge Robert W. Gettleman |
| STATE OF ILLINOIS; CIRCUIT COURT OF | ) | Magistrate Judge Jeffrey Cole |
| COOK COUNTY, ILLINOIS; THE HONORABLE | ) | |
| JUDGE CAROLYN QUINN in her Official | ) | |
| Capacity as Circuit Judge of the Cook County | ) | |
| Circuit Court; THE HONORABLE JUDGE | ) | |
| ANN COLLINS-DOLE in her Official Capacity as | ) | |
| Circuit Judge of the Cook County Circuit Court; | ) | |
| THE HONORABLE JUDGE TIMOTHY C. | ) | |
| EVANS, in his Official Capacity as | ) | |
| Chief Judge of the Cook County Circuit Court; and | ) | |
| MILISSA PACELLI, in her Official Capacity as | ) | |
| Court Disability Coordinator for the Circuit Court | ) | |
| of Cook County, | ) | |
| | ) | |
| Defendants. | ) | |

**THIRD AMENDED COMPLAINT**

NOW COMES the Plaintiff, LINDA REED, by and through her attorneys, DeSANTO MORGAN & TAYLOR, who makes this her Third Amended Complaint, pursuant to Federal Rule of Civil Procedure Rule 15(b) with leave of Court first obtained, and alleges as follows:

**The Parties**

1. The Plaintiff, LINDA REED, was and is a resident of Milwaukee, State of Wisconsin. She is a qualified individual with disabilities as defined by the Americans with Disabilities Act.

2. The Defendant, STATE OF ILLINOIS (hereinafter "State"), operates a system of

1

state courts, including the Circuit Court of Cook County, created by 705 ILCS 35/1, *et. al*.

3. The Defendant, CIRCUIT COURT OF COOK COUNTY, ILLINOIS (hereinafter "Circuit Court"), is located in Chicago, County of Cook, State of Illinois. The Circuit Court constitutes a "program or activity" and "public entity" as defined by the Americans with Disabilities Act.

4. The Defendant, THE HONORABLE JUDGE CAROLYN QUINN in her Official Capacity as Circuit Judge of the Cook County Circuit Court (hereinafter "JUDGE QUINN"), is a Circuit Court Judge in the Cook County Circuit Court presiding over probate matters.

5. As will be further described, the Defendant, JUDGE QUINN, presided over two probate matters in which the Plaintiff, LINDA REED, appeared until her recusal.

6. The Defendant, THE HONORABLE JUDGE ANN COLLINS-DOLE in her Official Capacity as Circuit Judge of the Cook County Circuit Court (hereinafter "JUDGE COLLINS-DOLE"), is a Circuit Judge in the Cook County Circuit Court presiding over probate matters.

7. As will be further described, the Defendant, JUDGE COLLINS-DOLE, presided over two probate matters in which the Plaintiff, LINDA REED, appeared after the recusal of the Defendant, JUDGE QUINN.

8. The Defendant, THE HONORABLE JUDGE TIMOTHY C. EVANS in his Official Capacity as Chief Judge of the Cook County Circuit Court (hereinafter "JUDGE EVANS"), is the Chief Judge in the Cook County Circuit Court. The Defendant, JUDGE EVANS, controls the administrative support provided to judges and makes appointments of administrative staff, including the Court Disability Coordinator.

9.      The Defendant, MILISSA PACELLI in her Official Capacity as Court Disability Coordinator for the Circuit Court of Cook County (hereinafter "PACELLI"), at all times relevant served as the Court Disability Coordinator, as appointed by the Defendant, JUDGE EVANS. The Court Disability Coordinator is responsible for assisting disabled litigants seeking accommodation, evaluating requests for accommodation, and is the adjudicator of last resort in any grievance submitted to that office.

### Jurisdiction and Venue

10.     This action is brought pursuant to the American with Disabilities Act of 1990, 42 U.S.C. 12181, *et. seq.*, its implementing regulations, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794 seeking punitive and compensatory damages.

11.     This Court has jurisdiction over the above-captioned action pursuant to 42 U.S.C. 12133 and 12188(b)(1)(B) and 28 U.S.C. 1331.

12.     Venue is proper in the District of Illinois pursuant to 28 U.S.C. 1391 because a substantial part of the events or omission giving rise to this claim occurred in this District. ADA claims alleged herein arose within this District. The Court may grant declaratory and injunctive and all other relief necessary to enforce this Decree pursuant to 28 U.S.C. 2201 and 2202.

### Background

13.     In April 2011, the Plaintiff, LINDA REED, was diagnosed with the neurological disorder Tardive Dyskinsa as well as PTSD, bipolar disorder, and acute anxiety. These result in visible symptoms including an easily-triggered startle response, involuntary movements in her limbs, hands, and mouth, and an uncontrollable impulse to move. Less visible symptoms include difficulty in logical or critical thinking and inability to verbally communicate.

14. As a result of the Plaintiff's disability, she uses and relies on various communication techniques and/or auxiliary aids and services for meaningful and effective communication with people. In order to communicate with people, she may use flashcards or a specialized computer. Even with these techniques, the Plaintiff's cognitive ability to engage in debate and advocacy is slower.

15. Stress exacerbates these conditions and symptoms, resulting in high blood pressure and vomiting. In addition, stress worsens the Plaintiff's ability to communicate and think cognitively.

16. Due to medication allergies, the Plaintiff's disorders are untreatable.

17. The Plaintiff's parents are both deceased. On July 26, 2005, it was filed in the Probate Division of the Cook County Circuit Court *In re Estate of Evia Tharbs*, case number 05 P 5236.

18. From on or about March 5, 2014 through May 7, 2014, the Defendant, JUDGE QUINN, was the Judge in the Cook County Circuit Court presiding over *In re Estate of Evia Tharbs*.

19. On March 30, 2009, it was filed in the Probate Division of the Cook County Circuit Court *In re Estate of the Eddie Tharbs*, case number 09 P 2080.

20. From on or about March 5, 2014 through May 7, 2014, the Defendant, JUDGE QUINN, was the Judge in the Cook County Circuit Court presiding over *In re Estate of Eddie Tharbs*.

21. From on or about May 7, 2014 until the close of these files, the Defendant, JUDGE COLLINS-DOLE, was the Judge in the Cook County Circuit Court presiding over *In re*

*Estate of Evia Tharbs* and *In re Estate of Eddie Tharbs*.

22. At all times, the Plaintiff, LINDA REED, proceeded as a *pro se* litigant in these matters.

23. On the 11th day of December, 2013, the Plaintiff, LINDA REED, emailed the Defendant, PACELLI, stating that she was disabled and asking for a request for accommodations form.

24. On the 12th day of December, 2013, the Defendant, PACELLI, emailed the Plaintiff, LINDA REED. The Plaintiff acknowledged receipt of the form and stated that "back and forth is not a good thing for me and my disorder." Defendant PACELLI responded by outlining her duties and responsibilities as Court Disability Coordinator for the Circuit Court of Cook County.

25. On or about February 3, 2014, the Plaintiff, LINDA REED, returned the written request for accommodation form.

26. From the time period of about December 12, 2013 until February 3, 2014, several emails were exchanged between the Plaintiff, LINDA REED, and the Defendant, PACELLI, wherein the Plaintiff expressed distrust of the Defendant, PACELLI, because, upon information and belief, the Defendant contacted the Attorney General regarding the Plaintiff's request for accommodations. The Plaintiff requested not to work with the Defendant, PACELLI. Nonetheless, the Defendant, PACELLI, continued to serve as Court Disability Coordinator on the Plaintiff's accomodations.

27. On February 5, 2014, the Defendant, PACELLI, emailed the Plaintiff, LINDA REED, asking what about her speech impairment or other disability prevented the Plaintiff from

appearing in Court.

28. Within approximately one hour, the Plaintiff responded that her nervous system disorder resulted in involuntary jerky movements, impaired her speech, anxiety, contortions characterized as aggression, inability to recall and/or articulate words, grunting noises, screaming, and otherwise appearing out of order. Furthermore, under stress, the Plaintiff loses her short-term memory. Additionally, she is unable to travel alone.

29. On February 7, 2014, the Plaintiff, LINDA REED, received an email from the Defendant, PACELLI, with proposed accommodations. These accommodations included that the Defendant, JUDGE QUINN, would allow the initial hearing to be done by telephone conference and would make a case-by-case determination on whether telephone conference would be permitted for subsequent hearings; the Plaintiff could provide a note-taker for her court dates in front of Judge Quinn but the note-taker's notes are for personal use and are not part of the court record; and PACELLI noted that an official court reporter is always present and her transcript can be made available by paying her fee (or requesting waiver of that fee).

30. The Plaintiff has also requested that she "be able to respond by email." With regards to this requested accommodation, the Defendant, PACELLI noted "you will be able to communicate with the court through your scheduled hearings and in writing, by properly filing written motions or pleadings through the Office of the Clerk of the Court." She further noted that emailing the judge would not be permitted.

31. In response, the Plaintiff sought clarification regarding her presence in court and a note-taker. The Plaintiff specifically asked that the Defendant provide yes or no answers. She further requested that a narrative not be used because "it makes me sick." The Plaintiff also

stated "I am not going through the back and forth process, for sure that will exacerbate by permanent, untreatable disabilities. Simple yes or no is best for me." The Plaintiff sought a yes or no answer with regards to the denial or acceptance of accommodations.

32. On February 25, 2014, the Defendant, PACELLI, made response to the Plaintiff, LINDA REED. That letter began, "[t]he accommodations process is an interactive process. Also, important information is being provided to you and may appear to you as 'narratives,' however the court is attempting to accommodate you, and often a simple 'yes' or 'no' will not suffice." This letter continued and lasted two pages, single-spaced in length.

33. In that letter, the Defendant, PACELLI, stated that the Plaintiff was not denied a note-taker but that she must provide her own, stated that JUDGE QUINN had approved telephone conference for her March 5, 2014 hearing, it provided the address for filings, stated that for the March 5, 2014 hearing, the court would provide a temporary gmail address and password so that g-chat could be accessed but added the Judge Quinn would not be typing responses back through g-chat, only orally, and PACELLI specifically noted JUDGE QUINN wanted the Plaintiff to know that "[a] court hearing cannot be conducted with no one saying anything" and she "cannot commit to a hearing where you will only provide yes and no responses."

34. The Plaintiff responded that she had looked into one proposed option, g-chat, but was under too much stress to learn new technology.

35. The Plaintiff also responded that she had concerns about being able to hear during the teleconference call.

36. The Defendant, PACELLI, responded with a one and a half page, single-spaced

document.

37. In that document, the Defendant, PACELLI, told the Plaintiff, in response to her concerns about hearing, to let the Judge know if the Plaintiff needed anything repeated or clarified during the hearing. Additionally, PACELLI offered a technology called Textnet. She again added, however, that JUDGE QUINN would not be typing responses back on Textnet.

38. On the 27th day of February, 2014, the Plaintiff, LINDA REED, responded that she was sick and is after "every exchange (interactive process)." The Plaintiff stated that she understood the Court was trying to accommodate her physical disabilities, but without accommodating her psychological and neurological disabilities.

39. The Defendant, PACELLI, responded with a one-page, single-spaced document stating that "[t]he court has made several attempts to accommodate you" and asking that the Plaintiff suggest accommodations that would be suitable.

40. On March 1, 2014, the Plaintiff, LINDA REED, responded with accommodations that would be suitable. These accommodations included a note-taker, email correspondence during the hearing instead of having to speak, a lawyer, a doctor to verify her disabilities if that was necessary, acceptance of her note-taker's notes into the record, a computer to use, and someone to provide assistance to her in communicating.

41. On March 5, 2014, the Defendant, PACELLI, responded that "[t]he nine accommodations you requested in your March 1, 2014, email response will not be granted by the court." The Defendant offered teleconference, Textnet, or g-chat as accommodations.

42. On March 5, 2014, the Plaintiff, LINDA REED, participated in a hearing on a motion in the matter of *In re Estate of Eddie Tharbs* with the only accommodation provided to

her for that hearing - teleconference. Throughout the hearing, the Plaintiff struggled to verbally articulate and, therefore, argue and advocate on her own behalf. The Plaintiff also became confused under stress, to the point that she understood one thing, but the order stated another thing. At that hearing, the matter was set to the trial call.

43. On March 11, 2014, the Plaintiff, LINDA REED, was forced to temporarily withdraw from the interactive process.

44. The Plaintiff, LINDA REED, continued to try to participate in the pending probate matters by teleconference. On May 15, 2014, the Plaintiff had a hearing before the Court. The Plaintiff's matter was not called that the Plaintiff was aware of, even though she waited for three hours. Because she was trying to participate by telephone, she is not aware of how the matter was resolved. In her emails to the Defendant, PACELLI, asking for information, she informed the Defendant that this was "exacerbating my disorder."

45. In response, the Defendant, PACELLI, emailed the Plaintiff, LINDA REED, and a representative of the Clerk's Office, David Moses, that the Defendant was not responsible or aware of the status of the probate matters.

46. The Plaintiff's emails to the Defendant, PACELLI, and Mr. Moses again repeat the refrains of "I am suppose to keep doing this over and over again?" and "I can't deal with too many people."

47. On May 23, 2014, the Defendant, PACELLI, informed the Plaintiff by emails that orders of recusal had been executed by the Judge, the next status date was May 29, 2014, and that the accommodations before JUDGE QUINN would continue for her dates before JUDGE COLLINS-DOLE.

48. The Plaintiff, LINDA REED, informed the Defendant, PACELLI, that she was not receiving copies of the orders nor was she receiving notice for the other side's motions. This occurred before both JUDGE QUINN and JUDGE COLLINS-DOLE. The Defendant, PACELLI, indicated that she would send orders by email to the Plaintiff as an accomodation.

49. For example, on August 28, 2014, the Plaintiff was before the Court by telephone for an evidentiary hearing. The Plaintiff was unable to determine why the guardian was not in court to testify. She further received no notice. Testimony was taken from her sister, however, the Plaintiff could not hear and could not cross-examine her due to her inability to speak from the stress and her disorder. In fact, the Plaintiff became physically ill during the hearing and the telephone disconnected. Further during this hearing, when the Plaintiff asked the Defendant, JUDGE COLLINS-DOLE, on the Judge's remarks regarding standing, the Judge told the Plaintiff to "stop talking."

50. Further at that hearing the Plaintiff intended to present objections. Those objections were sent by email to opposing counsel and fax to the court, however, neither side claim to have received them. The objections were in the file with the Clerk's Office.

51. On September 3, 2014, the Plaintiff was before the Court. Again her telephone stopped working. After the court appearance, she did not receive a copy of the order by email until speaking with the Defendant, PACELLI.

52. The Defendant, PACELLI, did not address the failure of the Plaintiff's accommodations, i.e. her telephone cutting out and failure to receive orders per accommodations.

53. Further, on numerous occasions, the Plaintiff has informed the Defendant, PACELLI, that hearings make her sick, she has required medical treatment after such hearings,

10

and/or she becomes physically ill after such hearings.  The Plaintiff has asked for assistance in reducing the stress associated with court but has not received accommodations in this regard.

54.	Further on numerous occasions the Plaintiff has informed the Defendant, PACELLI, that she experiences "dissociative events" during hearings because of stress and/or her inability to communicate effectively. No accommodations have been provided in the event that a dissociative event occurs during a court appearance.

55.	Upon information and belief, the Circuit Court has dismissed the guardianship estate and the decedent estate in the matter of *In re Estate of Eddie Tharbs* while *In re Estate of Evia Tharbs* has been closed.

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT (ALL DEFENDANTS)

56.	The Plaintiff, LINDA REED, restates and incorporates paragraphs 1 through 55 as if fully set forth herein as paragraph 56.

57.	At all relevant times, there was in effect a federal statute known as the Americans with Disabilities Act, Title II, 42 U.S.C. sec. 12132, which provided that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

58.	As previously described, the Plaintiff, LINDA REED, suffers from neurological and stress disorders with a physical impact as well as an impact on her cognitive ability.

59.	The Plaintiff's major life activities are limited in that she has trouble speaking, thinking, and with other cognitive functions.  In addition, Plaintiff has difficulty interacting with others, particularly when it is a group of individuals.  Nevertheless, the Plaintiff could have

enjoyed equal access to the Circuit Court with reasonable modifications to the rules, policies and practices; removal of communication barriers; and the provision of auxiliary aids and services.

60. The condition of the Plaintiff is permanent and existed at all relevant times.

61. The Defendant, STATE OF ILLINOIS, offers a series of court systems throughout the State of Illinois, including the Defendant, CIRCUIT COURT OF COOK COUNTY, ILLINOIS, which acts through its various agents including the Defendants PACELLI, JUDGE QUINN, JUDGE COLLINS-DOLE and JUDGE EVANS (hereinafter the "Defendants").

62. The Defendants are engaged in the service of providing adjudication of disputes, including probate matters, and the Plaintiff, LINDA REED, availed herself of these services.

63. At all times relevant, it was the duty of the Defendants to develop policies for evaluating the disabilities of those availing themselves of the court system, develop policies for providing accommodations to those individuals with a qualified disability, and effectively and non-discriminatorily implementing these policies in accordance with the Americans with Disabilities Act.

64. The Defendants, JUDGE QUINN and JUDGE COLLINS-DOLE, per the emails of the Defendant, PACELLI, make decisions on ADA accommodation requests while the Defendant, PACELLI, "acts solely as a liaison between the individual making the ADA accommodation request and the judge in the case."

65. The Defendant, PACELLI, is responsible for the collection of information on a person's disabilities to present to the Judge for their ADA accommodation decision.

65. The Defendant, JUDGE EVANS, was responsible for the development policies in

compliance with the Americans with Disabilities Act.

66. Acting in their Official Capacity, the Defendants were acting on behalf of the government entity, the Defendant, CIRCUIT COURT, and the Defendant, STATE OF ILLINOIS.

67. In violation of the above-described statute, the Defendants committed one or more of the following acts of omission or commission, which individually or together violate the above-described duty:

> a. failed to investigate or understand the disabilities of the Plaintiff;
>
> b. failed to accommodate the cognitive-impairing disabilities of the Plaintiff;
>
> c. required the Plaintiff to engage in a collaborative process with any persons, exacerbating the cognitive-impairing disabilities of the Plaintiff;
>
> d. imposed screening requirements upon the Plaintiff, including the requirement that she articulate her arguments and positions to the judge in hearings, that prevented the Plaintiff was utilizing the services of the Defendants;
>
> e. required the Plaintiff to engage in an "interactive process," exacerbating the cognitive-impairing disabilities of the Plaintiff;
>
> f. failed to provide reasonable accommodations or modifications to the Plaintiff's cognitive-impairing disabilities;
>
> g. failed to notify the Plaintiff of her rights in a meaningful way;
>
> h. failed to provide meaningful access to the courts to those persons without physical impairment, but rather cognitive impairments;

13

      i.      failed to provide sufficient training to judicial officers and staff on their duty to provide accommodations to *pro se* litigants; and

      j.      otherwise failed to provide reasonable accommodations.

68.    As a direct and proximate result of the conduct described above, the Plaintiff, LINDA REED, had two probate matters before the CIRCUIT COURT dismissed without having a meaningful opportunity to participate in the advocacy of her position.

69.    As a direct and proximate result of the conduct described above, the Plaintiff, LINDA REED, has suffered an exacerbation of her disabilities as well as emotional distress, depression, and confusion.

## COUNT II
## VIOLATION OF REHABILIATION ACT (ALL DEFENDANTS)

70.    The Plaintiff, LINDA REED, restates and incorporates paragraphs 1 through 69 as if fully set forth herein as paragraph 70.

71.    At all relevant times, there was in effect a federal statute known as the Rehabilitation Act of 1973, 29 U.S.C. sec. 794, which provided that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance … ."

72.    At all relevant times, the Defendant, CIRCUIT COURT, and its agents, Defendants, JUDGE QUINN, JUDGE COLLINS-DOLE, JUDGE EVANS, and PACELLI, through the Defendant, STATE OF ILLINOIS, received federal funds for, among other projects, "Gaining Experience, Making Strides" from the U.S. Department of Justice's Bureau of Justice Assistance.

73. As previously described, the Plaintiff, LINDA REED, suffers from neurological and stress disorders with a physical impact as well as an impact on her cognitive ability.

74. In violation of the above-described statute, for the reasons outlined above, the Plaintiff was excluded from participation in or denied the full benefits of the Circuit court of Cook County's services, programs or activities, or was otherwise discriminated against by the public entity. Such exclusion, denial of benefits, and/or discrimination was by rason of the Plaintiff's disability and was intentional.

75. As a direct and proximate result of the conduct described above, the Plaintiff, LINDA REED, had two probate matters before the CIRCUIT COURT dismissed without having a meaningful opportunity to participate in the advocacy of her position.

76. As a direct and proximate result of the conduct described above, the Plaintiff, LINDA REED, has suffered an exacerbation of her disabilities as well as emotional distress, depression, and confusion.

WHEREFORE, the Plaintiff, LINDA REED, prays for judgment against the Defendants, STATE OF ILLINOIS; CIRCUIT COURT OF COOK COUNTY, ILLINOIS; THE HONORABLE JUDGE CAROLYN QUINN in her Official Capacity as Circuit Judge of the Cook County Circuit Court; THE HONORABLE JUDGE ANN COLLINS-DOLE in her Official Capacity as Circuit Judge of the Cook County Circuit Court; THE HONORABLE JUDGE TIMOTHY C. EVANS in his Official Capacity as Chief Judge of the Cook County Circuit Court; and MILISSA PACELLI in her Official Capacity as Court Disability Coordinator for the Circuit Court of Cook County, a sum of money in excess of the jurisdictional limitations of the United States District Court for the Northern District of Illinois, attorney's fees, and her

costs of suit with any other additional relief that this Court may deem proper and just.

                                              Respectfully Submitted,

                                              /s/ Diana C. Taylor
                                              One of the Attorneys for the Plaintiff

DIANA C. TAYLOR (4994471)
DeSanto Morgan & Taylor
712 Florsheim Drive
Libertyville, Illinois 60048
(847) 816-8100
Fax: (847) 816-8126